IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD DOLLSON,<br><br>   Defendant. | CRIMINAL ACTION<br>NO. 13-277-1 |

## OPINION

**Slomsky, J.**                                                                                                       **January 31, 2014**

### I.    INTRODUCTION

Before the Court is Defendant's Motion to Suppress Physical Evidence. (Doc. No. 15.) In the Motion, Edward Dollson ("Defendant") asserts a Fourth Amendment challenge to the search of 1552 South Dover Street, where he was arrested on December 10, 2012.  The South Dover address is the location of the home of Khayriyyah Goldsmith ("Ms. Goldsmith"), Defendant's ex-girlfriend.  Defendant challenges both the search of Ms. Goldsmith's home and the seizure of a gun from the residence.

The Government filed a Response in Opposition to the Motion to Suppress (Doc. No. 18), and the Court held a hearing on the Motion on January 17, 2014.  Following the hearing, the parties submitted supplemental briefs.  (Doc. Nos. 39, 40.)  The parties disagree on whether Defendant has standing to bring a Fourth Amendment challenge to the December 10, 2012 search of Ms. Goldsmith's home and seizure of the gun.  In the event that Defendant does have standing, the parties also disagree on the lawfulness of the search and seizure.  For reasons that follow, the Court finds that Defendant does not have standing to raise a Fourth Amendment challenge.  Moreover, under any circumstances, the search and seizure was lawful.  Accordingly, Defendant's Motion to Suppress will be denied.

1

## II. FACTUAL FINDINGS

Defendant Edward Dollson is charged in this case with being a convicted felon in possession of a firearm and possession of cocaine base ("crack"). (Doc. No. 1.) The Government is withdrawing the charge of possession of cocaine base. Therefore, only the facts relevant to seizure of the firearm will be discussed here.

On December 10, 2012, at approximately 8:09 p.m., Philadelphia Police Officers Matthew York ("Officer York") and Carmen Palmiero ("Officer Palmiero") were flagged down by Sharifah Maddox ("Ms. Maddox"). (Doc. No. 15 at 3.) At the time, Ms. Maddox was standing outside of 1552 South Dover Street. (Id.) Ms. Maddox told the officers, "come in here please, hurry, they are fighting upstairs . . . he's beating her up, please hurry." (Id. at 4.) The officers entered 1552 South Dover Street and heard two people fighting upstairs. (Id.) As they walked up the stairs, the officers announced their presence. (Id.) Through a partially open front bedroom door, Defendant was observed throwing an object onto the ground behind a door. (Id.) The officers heard the object make a "thud." (Id.) Defendant was observed next moving across the room, grabbing Ms. Goldsmith around the neck, and slamming her against the wall. (Id.) The officers ran into the bedroom, threw Defendant onto the ground, and handcuffed him. (Id.) While still in the bedroom, the officers searched Defendant's person. No weapons, ammunition, drugs, or other contraband were found on him. (Id.) Once Defendant was taken into custody, however, the officers retrieved a Ruger 9mm handgun from behind a door in the bedroom, along with ammunition that was in the same general area. (Id.) Defendant was charged with being a convicted felon in possession of a firearm based on the seizure of the Ruger 9mm handgun found in Ms. Goldsmith's home.

On September 23, 2013, Defendant filed the Motion to Suppress Physical Evidence. (Doc. No. 15.) Defendant argues that the police officers violated his Fourth Amendment rights

when they entered Ms. Goldsmith's home without a warrant and seized the gun.  Defendant contends that he has standing to challenge the search of Ms. Goldsmith's home because he has a privacy interest in the residence.  In support of this claim, Defendant has produced public welfare records that show he used Ms. Goldsmith's address at 1552 South Dover Street as the place where his benefits should be mailed, and argues that the records are proof of residency.

To refute this assertion, the Government seeks to admit grand jury testimony of Ms. Goldsmith.  She testified that Defendant did not reside with her on the date of his arrest.  Based on this testimony, the Government submits that Defendant had no privacy right in the home,[1] and therefore no standing to pursue the Motion to Suppress.

**III.   ANALYSIS**

To assert a Fourth Amendment right to be free from unreasonable searches and seizures, a defendant has the burden of establishing standing.  United States v. Pryor, No. 03-0349, 2004 WL 877969, *6 (E.D.Pa. Apr. 1, 2004); United States v. Salvucci, 448 U.S. 84, 86-95 (1980).  To satisfy this burden, a defendant must establish that he had a subjective expectation of privacy in the area to be searched, and that this expectation was reasonable.  Minnesota v. Carter, 525 U.S. 83 (1998).  A reasonable or legitimate expectation of privacy must have "a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society."  United States. v. Kennedy, 638 F.3d 159, 163 (3d Cir. 2011) (quoting Minnesota, 525 U.S. at 88).  Further, "[o]ne who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of

---

[1] Hearsay evidence "is permissible at a suppression hearing without regard to the matter at issue, although the court remains obligated to weigh the evidence and discount that which is less reliable."  Fed. R. Evid. 104(a) and 1101(d)(1).  Here, the parties do not dispute the admissibility of the grand jury testimony or the public welfare records for purposes of deciding the Motion to Suppress.  The Court therefore will consider the grand jury testimony and public welfare records offered by the parties at the Motion to Suppress hearing for purposes of deciding the standing issue.  (Exs. G-1, D-1, D-2.)

privacy by virtue of [his] right to exclude." Kennedy, 638 F.3d at 164 (quoting Rakas v. Illinois, 439 U.S. 128, 143 n.12 (1978)).  While an overnight guest in a home may claim protection of the Fourth Amendment, one who is merely present with the consent of the householder may not. Minnesota, 525 U.S. at 90; Minnesota v. Olson, 495 U.S. 91, 95-98 (1990) (recognizing that "[s]taying overnight in another's home is a longstanding social custom that serves functions recognized as valuable by society.").

According to Ms. Goldsmith's grand jury testimony, at the time of Defendant's December 10, 2012 arrest, he was an uninvited guest in her home.  (Ex. G-1 at 18:7-12.)  Ms. Goldsmith testified that she terminated her relationship with Defendant several days prior to his arrest, evicted him from her home, and took away his keys.  (Id. at 4:16-20; 16:4-9.)  While Defendant may have regularly spent the night at Ms. Goldsmith's residence prior to his arrest as her boyfriend, he did not live there or stay as an overnight guest on the date of his arrest.  Defendant, therefore, did not have an expectation of privacy in Ms. Goldmith's home.  Without such an expectation of privacy, Defendant does not have standing to raise a Fourth Amendment challenge to the search of the home or seizure of the firearm.

Defendant offers records from the Department of Public Welfare ("DPW") in an attempt to prove that he resided at 1522 South Dover Street.  (Exs. D-1, D-2.)  These records, however, are insufficient to show that Defendant resided at the home, or was an overnight guest there, on the date of the search and seizure of the firearm.  Rather, they merely establish that Defendant directed DPW to send his benefits to 1522 South Dover Street, Philadelphia, Pennsylvania. Without more, these records do not confirm that Defendant had an expectation of privacy in Ms. Goldsmith's home at the critical time.

Even if the DPW records did prove that Defendant had an expectation of privacy in the home, the search was not unlawful because Officers York and Palmiero had the requisite cause to enter Ms. Goldsmith's residence without a warrant.[2]  Under the "emergency aid" exception, an officer may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury.  Kentucky v. King, 131 S.Ct. 1849, 1856 (2011).  This requires "an objectively reasonable basis for believing that a person within [the house] is in need of immediate aid."  Michigan v. Fisher, 558 U.S. 45, 47 (2009).  An officer "does not need ironclad proof of a likely serious, life-threatening injury in order to invoke the emergency aid exception."  Fisher, 558 U.S. at 49.

Here, Officer York was flagged down by Ms. Maddox to render assistance to someone being attacked inside Ms. Goldsmith's home.  From outside the home, the officers could hear the sound of a fight.  (Doc. No. 15 at 4.)  They could also make out two people fighting inside in a second floor bedroom.  (Doc. No. 39 at 4.)  The events observed and heard by the officers constituted sufficient cause to lead a reasonable person to believe that entering the home was imperative in order to render immediate aid to someone inside the home.  The officers were therefore entitled to enter Ms. Goldsmith's house without a warrant under the "emergency aid" exception.  Accordingly, the Government has met its burden of establishing the reasonableness of the search of the home and seizure of the firearm.

## IV.  CONCLUSION

Based upon review of the evidence, the Court finds that Defendant did not have a legitimate expectation of privacy in Ms. Goldsmith's home and therefore did not have a Fourth

---

[2] "On a motion to suppress, the government bears the burden of showing that each individual act constituting a search or seizure under the Fourth Amendment was reasonable."  United States v. Ritter, 416 F.3d 256, 261 (3d Cir. 2005); United States v. Coward, 296 F.3d 176, 180 (3d Cir. 2002).  The burden of proof is by a preponderance of the evidence.  United States v. Matlock, 415 U.S. 164, 177 n.14 (1974).

Amendment right to challenge the December 10, 2012 search and seizure of the firearm. Further, the Court finds that the officers were entitled to enter the home without a warrant under the "emergency aid" exception.  Accordingly, the Court will deny Defendant's Motion to Suppress the Ruger 9mm handgun and ammunition recovered in Ms. Goldsmith's home.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD DOLLSON,<br><br>Defendant. | CRIMINAL ACTION<br>NO. 13-277-1 |

## ORDER

**AND NOW**, this 31st day of January 2014, upon consideration of Defendant's Motion to Suppress Physical Evidence (Doc. No. 15), the Government's Response (Doc. No. 18), the evidence presented at the hearing held on January 17, 2014, and the Supplemental Briefs filed by both parties (Doc. Nos. 39, 40), it is **ORDERED** that Defendant's Motion to Suppress Physical Evidence (Doc. No. 15) is **DENIED**.

BY THE COURT:


/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.